IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROLAND BRENT POLITE, | § § § | |
| *Plaintiff*, | § § | SA-23-CV-00133-ESC |
| vs. | § § § | |
| KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY; | § § § § | |
| *Defendant*. | § § | |

**ORDER**

    This order concerns Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act [#18].  By his motion, Plaintiff asks the Court to award him attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as the "prevailing party" in the above-styled cause of action.  The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements.  *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988).  Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust.  *Id.*

    The record reflects that, after Plaintiff filed his initial brief, the Commissioner filed an unopposed motion to remand.  On September 20, 2023, this Court granted the Commissioner's motion and remanded this case for further findings and proceedings [#16].  That same day, the Court issued a Final Judgment remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#17].  The Fifth Circuit has held that a party who obtains a remand in a Social Security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing

party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

Plaintiff has requested fees in the amount of $10,709.50 and costs in the amount of $402.00, to be paid separately from the judgment fund. In support of the instant motion, Plaintiff's counsel has submitted exhibits documenting the hours spent representing Plaintiff in this case. Plaintiff's lead counsel and other supporting attorneys have spent a total of 44.9 hours of attorney work at a rate of $230.00. Paralegals in Plaintiff's counsel's office have spent a total of 5.1 hours at an hourly rate of $75.00. Plaintiff indicates that his counsel has made every effort to eliminate duplicative and/or unnecessary timesheet items and has exercised billing discretion. The Commissioner has filed a response to the motion indicating she does not object to Plaintiff's motion or to the amount requested. Generally speaking, the Court discourages the practice of having four attorneys and a paralegal bill on a case that involves only one plaintiff and is resolved without a trial, as that practice usually leads to inefficiencies. However, here, given the Government's lack of opposition to Plaintiff's request, and given that the blended rate and total hours billed are both reasonable, the Court will approve the requested fees. Lead counsel is discouraged from engaging in this practice going forward.

Having reviewed the motion and the record, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case. The Court will therefore grant Plaintiff's motion and order the award of the requested amount of fees to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act [#18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded **$10,709.50** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff and mailed to Plaintiff's counsel at his address of record.

**IT IS FURTHER ORDERED** that Plaintiff is awarded **$402.00** in costs to be paid separately from the judgment fund.

**IT IS FURTHER ORDERED** that Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

**IT IS FINALLY ORDERED** that Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

SIGNED this 8th day of January, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE